[Cite as *Wehr v. Div. of Oil & Gas Resources Mgt.*, 2018-Ohio-5247.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John and Arlene Wehr, | : | |
| Appellees-Appellees, | : | |
| v. | : | No. 17AP-855 |
| | | (C.P.C. No. 17CV-6294) |
| Division of Oil and Gas Resources Management, Ohio Department of Natural Resources, | : | |
| | : | (REGULAR CALENDAR) |
| Appellee-Appellee, | : | |
| Gulfport Energy Corporation, | : | |
| Appellant-Appellant. | : | |
| John and Arlene Wehr, | : | |
| Appellees-Appellees, | : | |
| v. | : | No. 17AP-861 |
| | | (C.P.C. No. 17CV-6294) |
| Division of Oil and Gas Resources Management, Ohio Department of Natural Resources, | : | |
| | : | (REGULAR CALENDAR) |
| Appellee-Appellant, | : | |
| Gulfport Energy Corporation, | : | |
| Appellant-Appellee. | : | |

D E C I S I O N

Rendered on December 27, 2018

**On brief:** *Stubbins, Watson, Bryan & Witucky Co., L.P.A,
Mark W. Stubbins, Kyle S. Witucky*, **and** *Grant J. Stubbins*,
for John and Arlene Wehr. **Argued:** *Grant Stubbins*.

**On brief:** *Michael DeWine*, Attorney General, *Brian J. Becker*, and *Gerald Dailey*, for Division of Oil and Gas Resources Management and Ohio Department of Natural Resources. **Argued:** *W. Scott Myers*.

**On brief:** *Steptoe & Johnson PLLC, John Kevin West*, and *Alana Valle Tanoury*, for Gulfport Energy Corporation. **Argued:** *John Kevin West*.

---

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} These consolidated appeals are taken from a judgment of the Franklin County Court of Common Pleas exercising its appellate jurisdiction pursuant to R.C. 1509.37 and upholding an order issued by the Ohio Oil and Gas Commission ("commission"). The parties to the current appeal are Gulfport Energy Corporation ("Gulfport"), appellant herein and before the common pleas court; the Division of Oil and Gas Resources Management ("division"), appellant herein and appellee before the common pleas court; and John and Arlene Wehr, appellees herein and before the common pleas court.

## I. Facts and Procedural History

{¶ 2} Although the appeal reaches this court only on limited procedural questions, some factual background will help establish the posture of the case.

{¶ 3} The matter arises from Gulfport's application for a unitization order under R.C. 1509.28 to combine multiple leased and unleased properties into a single production unit for mineral extraction ("the Brown #9 unit") of approximately 619 acres. Typically, objections to the unitization application come from landowners who do not have a mineral-rights lease agreement with the operator and, therefore, find themselves "forced in" to the production unit. *See generally State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256. The Wehrs differ from the typical objector. They own land included in the proposed production unit, and although they are successor parties to an oil and gas lease with Gulfport, they assert the terms of that lease are inconsistent with the proposed unitization because the lease prohibits consolidation of the leased property into an

extraction unit larger than 40 acres.[1]  The Wehrs assert Gulfport utilized the unitization process to circumvent the lease restriction, that the division refused to address the lease terms at the unitization hearing, and that as a result they have been afforded neither the contract rights of a lessor nor the statutory rights of an owner of unleased property.

{¶ 4}  In accordance with R.C. 1509.28, on May 14, 2014, the division conducted a public hearing on Gulfport's application.  The Wehrs attended the hearing and made a statement on the record apparently contesting the inclusion of their interests in the unit. The chief of the division issued an order on October 17, 2014, approving Gulfport's application to form the Brown #9 unit.  The Wehrs appealed the chief's order to the commission under commission appeal No. 912.  Gulfport received permission from the commission to intervene in the appeal.  On June 15, 2017, the commission issued an order dismissing appeal No. 912 on the basis the commission lacked statutory authority to act. The commission concluded the Wehrs had not been properly served with the chief's unitization order, their 30-day appeal period had not yet begun to run, and their appeal before the commission could not be heard.  However, the commission further found the appeal was not time-barred but merely premature, and the Wehrs could again bring an appeal once they had been properly served with the division's order.  It is this last aspect of the commission's decision that prompted Gulfport and the division to seek further review.[2]

{¶ 5}  Gulfport filed its notice of appeal from the commission's June 15, 2017 order in the Franklin County Court of Common Pleas on July 14, 2017.  The common pleas court rendered a decision on November 6, 2017 affirming the commission's June 15, 2017 order. Gulfport and the division have both appealed to this court, pursuant to R.C. 1509.37, and we have consolidated their appeals for briefing and determination. Gulfport and the division do not assert the commission erred in dismissing the Wehrs' appeal.  Instead, they

---

[1] Prior to pursuing an appeal before the commission, the Wehrs attempted to pursue a declaratory judgment action in the Noble County Court of Common Pleas. *Wehr v. Gulfport Energy Corp.*, Noble C.P. No. CVH218-0042 (Compl. filed July 15, 2015). The outcome or impact of that case in relation to the present appeal has not been briefed.

[2] During the pendency of the appeal before the commission, Gulfport filed an action in prohibition before this court seeking a writ ordering the commission not to exercise jurisdiction over appeal No. 912.  This court eventually dismissed Gulfport's complaint in prohibition on the basis that the commission had dismissed appeal No. 912 and rendered the prohibition action moot.  *State ex rel. Gulfport Energy Corp. v. Oil & Gas Comm.*, 10th Dist. No. 17AP-358, 2017-Ohio-8553.

complain the commission did so for the wrong reasons, and included language indicating that the Wehrs could file a renewed appeal to the commission after dismissal of appeal No. 912.[3]

## II. Assignments of error

{¶ 6} Gulfport appeals and assigns the following four assignments of error for our review:

> [I.] The Franklin County Common Pleas Court erroneously applied Ohio Revised Code § 119.09 without determining whether John and Arlene Wehr (the "Wehrs") were parties to the unitization application and without reference to the controlling statute, Ohio Revised Code § 1509.36.
>
> [II.] The Franklin County Common Pleas Court erred in finding the Ohio Department of Natural Resources, Division of Oil and Gas Resources Management, was required to serve the Wehrs with the Chief's Order via certified mail in order for the time to appeal to begin to run.
>
> [III.] The Franklin County Common Pleas Court erred in finding the Wehrs' appeal is not time-barred.
>
> [IV.] The Franklin County Common Pleas Court erred in finding Gulfport Energy Corporation was not harmed by the June 15, 2017 Order of the Oil and Gas Commission.

{¶ 7} The division appeals and assigns the following three assignments of error for our review:

> [I.] The Court of Common Pleas abused its discretion by applying the incorrect standard of review; appeals from decisions of the Ohio Oil and Gas Commission are governed by R.C. 1509.37.
>
> [II.] The Court of Common Pleas erred by finding that R.C. 119.09 applies to chief's orders issued pursuant to R.C. 1509.28.

---

[3] Following the commission's June 15, 2017 order, the division duly served the Wehrs with a copy of the unitization order by certified mail and the Wehrs filed a new notice of appeal with the commission under commission appeal No. 947 on August 23, 2017. The present appeal to this court does not address that later commission appeal or any other aspect of the case occurring after the commission's June 15, 2017 order in appeal No. 912.

[III.] The Court of Common Pleas erred in affirming the Commission's determination that the appeal time for the Wehrs was triggered only by certified mail service, which unlawfully ignores the plain language of R.C. 1509.36.

## III. Analysis

### A. Standard of Review

{¶ 8}   The initial step in addressing this case requires a determination of the applicable law governing appeals from unitization orders, including the standard of review before the commission, common pleas court, and court of appeals.

{¶ 9}   At both the commission and common pleas levels, the decisions invoke and discuss Ohio's general statutory framework governing administrative appeals, R.C. Chapter 119, in addition to the more specific statutes governing orders issued by the division under R.C. Chapter 1509.

{¶ 10}  The commission's June 15, 2017 order assumes three pertinent facts: first, on October 17, 2014, the division issued unitization order 2014-471 affecting the Wehrs' property, second, there is no indication in the record that this order was ever mailed to the Wehrs, and third, the Wehrs otherwise received a copy of the order sometime in late 2014. (Commission Decision at 3.)  To these facts, the commission applied the following law: R.C. 1509.28, governing the issuance of unitization orders, does not specify procedure in such cases, other than requiring the division to conduct a hearing.  R.C. 1509.03(D) addresses the division chief's general authority to issue orders, and provides that these will be issued under R.C. Chapter 119, which governs many other forms of administrative action in Ohio. In turn, R.C. 119.09 requires orders issuing from agency hearings to be served by certified mail, return receipt requested, upon the party affected thereby.  Finally, pursuant to R.C. 1509.36, orders issued by the division may be appealed to the commission " '**within thirty days after the date upon which the appellant received notice by certified mail**.' "  (Emphasis sic.)  (Commission Decision at 7, quoting R.C. 1509.36.)

{¶ 11} Based upon application of these statutes, the commission concluded the Wehrs were "appellants" under R.C. 1509.36, and 1509.36 required they be served a copy of the order by certified mail.  The commission also found the Wehrs and "all members of this unit, regardless of whether they have voluntarily leased their interests or not," are parties "affected" by the division's order.  (Commission Order at 9.)  Accordingly, pursuant

to R.C. 119.09, the division was required to serve them a copy of the order by certified mail. Therefore, because the Wehrs were never served by certified mail as required by R.C. 1509.36 or 119.09, they had not missed the 30-day deadline to appeal the division's unitization order to the commission but, in fact, had done so prematurely because the appeal period had not been triggered by proper issuance of the appealable order. Because the 30-day appeal period to appeal the division's unitization order had never begun to run, the commission concluded that "no appealable order has been issued to the Wehrs, [and the commission] lacks the statutory authority to proceed in this matter." (Commission Decision at 10.) Most troubling to the division, the commission then added the following language: "Once the Wehrs are properly served, they may perfect an appeal by filing their notice of appeal with the Oil & Gas Commission within thirty days of their receipt, via certified mail, of said order." (Commission Decision at 10.)

{¶ 12} Upon further appeal to the common pleas court, the common pleas court invoked the standard of review appropriate to R.C. 119.12 appeals set forth in *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108 (1980), and considered whether the commission's order was supported by reliable, probative, and substantial evidence and in accordance with law. The court further noted that "[a]ll parties agree that R.C. § 119.09 applies to orders from the Commission."[4] (Common Pleas Decision at 6.) The court then affirmed the commission's dismissal of the Wehrs' appeal No. 912. The court noted language taken from our decision in the above-cited prohibition action before this court, and concluded "the Commission is finished with the appeal filed by the Wehrs and that administrative process is over. As to the appeal of the June 15, 2017 Order the Appellant is unharmed. What happens - or what has already happened - is up to the Wehrs upon receipt of the R.C. § 119.09 notice concerning the Order 2014-741. That matter is not currently before this Court." (Common Pleas Decision at 8.)

{¶ 13} We begin by noting that, despite the court's reference to R.C. 119.12, the correct standard of review to be applied by the common pleas court when considering an appeal under R.C. 1509.37 from the commission is whether the commission's order was reasonable and lawful. *Simmers v. N. Royalton*, 10th Dist. No. 15AP-900, 2016-Ohio-

---

[4] The pleadings filed by the parties before the court of common pleas do not indicate agreement by Gulfport on this issue, at least with respect to unitization orders issued by the division.

3036, ¶ 21, citing *Martz v. Div. of Mineral Resources Mgt.*, 10th Dist. No. 08AP-12, 2008-Ohio-4003, ¶ 13, and *Johnson v. Kell*, 89 Ohio App.3d 623, 625 (10th Dist.1993). Unlawful means that which is not in accordance with law, and unreasonable means that which is not in accordance with reason, or has no factual foundation. *Johnson* at 626, citing *Citizens Commt. to Preserve Lake Logan v. Williams*, 56 Ohio App.2d 61, 70 (10th Dist.1977).

{¶ 14} On further appeal from the common pleas court to this court, our standard of review is more restrictive. We determine only whether the common pleas court has abused its discretion. *Wood v. Simmers*, 10th Dist. No. 17AP-269, 2017-Ohio-8718, ¶ 13, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-61 (1988); *N. Royalton* at ¶ 24, citing *Childs v. Oil & Gas Comm.*, 10th Dist. No. 99AP-626 (Mar. 28, 2000). The term "abuse of discretion" implies not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency. *Childs*, citing *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster*, 22 Ohio St.3d 191, 193 (1986). However, on questions of law, the common pleas court does not exercise discretion, and this court's review is plenary. *B & D Drilling v. State*, 10th Dist. No. 02AP-52, 2002-Ohio-5010, ¶ 12, citing *Childs*, citing *Univ. Hosp., Univ. of Cincinnati College of Med. v. State Emp. Relations Bd.*, 63 Ohio St.3d 339 (1992).

{¶ 15} The division's first assignment of error asserts the common pleas court applied an incorrect standard of review in assessing the commission's decision. As stated above, the standard of review under R.C. 1509.37, which specifically governs appeals from the commission to the court of common pleas, is whether the commission's decision is lawful and reasonable. It is true that the common pleas court mentioned the R.C. 119.12 standard generally employed in administrative appeals, under which the court was to determine whether the commission's order was supported by reliable, probative, and substantial evidence and in accordance with law. We agree that the standard at all levels of review should be addressed under the specific statute, R.C. 1509.37, rather than the general, R.C. 119.12. "It is a well-established principle of statutory construction that specific statutory provisions prevail over conflicting general statutes." *State v. Chippendale*, 52 Ohio St.3d 118, 120 (1990). Under either standard, however, there were no factual determinations to which the common pleas court would defer, and the only question was whether the commission's decision was in accordance with law (R.C. 119.12) or lawful (R.C.

1509.37). In the context of this case, the distinction is immaterial and any error by the common pleas court in this respect was harmless. The division's first assignment of error is overruled.

## B. Applicable Law

{¶ 16} The division's second and third assignments of error, and Gulfport's second and third assignments of error, address the commission's interpretation of the notice provisions of R.C. 1509.36, and application of notice and service standards from R.C. Chapter 119 to supplement, and allegedly contradict, the provisions specifically applicable to commission appeals under R.C. Chapter 1509.

{¶ 17} We begin by considering the commission's interpretation of R.C. 1509.36, which governs appeals to the commission and provides as follows:

> Any person adversely affected by an order by the chief of the division of oil and gas resources management may appeal to the oil and gas commission for an order vacating or modifying the order.
>
> The person so appealing to the commission shall be known as appellant and the chief shall be known as appellee. Appellant and appellee shall be deemed to be parties to the appeal.
>
> The appeal shall be in writing and shall set forth the order complained of and the grounds upon which the appeal is based. The appeal shall be filed with the commission within thirty days after the date upon which the appellant received notice by certified mail and, for all other persons adversely affected by the order, within thirty days after the date of the order complained of. Notice of the filing of the appeal shall be filed with the chief within three days after the appeal is filed with the commission.

{¶ 18} Ohio Adm.Code 1509-1-11 parallels the language of R.C. 1509.36 regarding notice and timing for an appeal, with some variation: "within thirty days after the date upon which the order recipient received notice by registered or certified mail of the making of the order complained of or, for all other persons adversely affected by an order of the division chief, within thirty days after the date of the chief's issuance of the order complained of." Ohio Adm.Code 1509-1-11(A). The substitution of "order recipient" for "appellant" in the administrative code, and the other minor differences, do not seem to intend any substantive variation from the statute.

{¶ 19} While these sections are fairly comprehensive with respect to appeals, they are vague as to the distinction between parties required to appeal: (1) within 30 days of notice of the order by mail, or (2) within 30 days of the order, irrespective of notice. The definition of "appellant" (or "order recipient" in the administrative code) and "other persons adversely affected" is not provided. This ambiguity creates the two successive questions to be answered in the case. First, applying R.C. 1509.36, were the Wehrs entitled to notice by certified mail of the division's order, or were they merely "other persons adversely affected"? Second, if R.C. 1509.36 did not specifically give the Wehrs a right to be notified of the order, were they entitled to notice under R.C. 119.09?

{¶ 20} The division argues the only persons entitled to notice of an R.C. 1509.28 unitization order are "parties" to the proceeding, which they assert can include only: (1) the applicant operator, and (2) unleased landowners.

{¶ 21} The commission determined to the contrary that the Wehrs, as nominally leased landowners who were members of the Brown #9 unit, were entitled to receive certified service of the division's unitization order. The commission looked to R.C. 1509.36 and determined the Wehrs were "appellants" entitled to receive notice of the division's order by certified mail, rather than merely "persons adversely affected" by the division's order. For the definition of "appellant," the commission looked to Ohio Adm.Code 1509-1-02(B), which states the "appellant" to the commission shall be "a person, claiming to be aggrieved or adversely affected by an order of the chief of the division of oil and gas resources management, who is applying or petitioning for review or relief, and who is requesting a hearing before the commission." (Commission Order at 9, fn. 8, quoting Ohio Adm.Code 1509-1-02(B)). The commission determined the Wehrs belonged in such a class of persons.

{¶ 22} Courts will generally give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise and that has responsibility for implementing a legislative command. *State ex rel. V&A Risk Servs. v. State Bur. of Workers' Comp.*, 10th Dist. No. 11AP-742, 2012-Ohio-3583, ¶ 23, citing *Frisch's Restaurants, Inc. v. Ryan*, 121 Ohio St.3d 18, 2009-Ohio-2, ¶ 16. Deference to an administrative agency's interpretation of its rules, however, is not unfettered. An appellate court need not defer to an agency's interpretation when it is unreasonable and fails to apply

the plain language of a statute or rule. *Id.*, citing *Frisch's* and *HCMC, Inc. v. Ohio Dept. of Job & Family Servs.*, 179 Ohio App.3d 707, 2008-Ohio-6223, ¶ 25 (10th Dist.).

{¶ 23} We are not inclined to disagree with the commission's interpretation of the service requirements of R.C. 1509.36 and accordingly with commencement of the appeal time for the Wehrs. Because the Wehrs' tracts were included by Gulfport in the application, they were certainly persons affected thereby; the adversity of that impact, to some extent, is for the Wehrs to ascertain based upon the evaluation of their own interests in the transaction. Granting deference to the administrative agency's interpretation of its own statutes and regulations, and considering the Wehrs' position as landowners who were members of the Brown #9 unit and the fact that they had made a statement on the record at the May 14, 2014 public hearing, we cannot find the commission's interpretation of parties entitled to receive notice by certified mail of a division order was in error. In this case, the commission's interpretation is not unreasonable and certainly not contrary to law on the face of the statute. Accordingly, Gulfport's second and third assignments of error and the division's second and third assignment of error are overruled.

{¶ 24} Because our overruling of Gulfport's second and third assignments of error and the division's second and third assignments of error are dispositive, it is not necessary for us to address Gulfport's first and fourth assignments of error. Accordingly, Gulfport's first and fourth assignments of error are rendered moot.

## IV. Conclusion

{¶ 25} Because the court of common pleas did not err in affirming the commission's July 14, 2017 order, we overrule Gulfport's second and third assignments of error and the division's three assignments of error, render moot Gulfport's first and fourth assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.