[Cite as *Barnes v. Ohio Secy. of State, Notary Comm.*, 2024-Ohio-5334.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Reginald E. Barnes, Sr., | : | |
| Appellant-Appellant, | : | |
| | : | No. 23AP-571 |
| v. | : | (C.P.C. No. 23CV-4396) |
| Ohio Secretary of State, Notary Commission, | : | (REGULAR CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 7, 2024

**On brief:** *Reginald E. Barnes*, *Sr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Thomas J. Puckett*, for appellee. **Argued:** *Thomas J. Puckett*.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, Reginald E. Barnes, Sr., pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas dismissing, for lack of jurisdiction, his administrative appeal from an email from appellee, Ohio Secretary of State, Notary Commission[1], related to Barnes' notary commission. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On June 20, 2023, Barnes filed a notice of appeal in the trial court from "[t]he order, adjudication, or decision entered by Allison DeSantis on May 31, 2023." (June 20,

---

[1] Both the notice of appeal and the brief filed by appellee refer to a "Notary Commission." The Secretary of State is responsible for appointing and commissioning notaries public in Ohio, but there is not a separately designated "Notary Commission" operating within the office of the Secretary of State. *See* R.C. 147.01. We list it here only to reflect the party names as they appear in the case filings.

2023 Notice of Appeal.)  Barnes attached to the notice of appeal a copy of an email exchange between Barnes and the Secretary of State's office.  The first email, from Barnes to the office of the Secretary of State, is dated May 18, 2023 and states:

> ADJUDICATION HEARING REQUEST
>
> Pursuant to Ohio Revised Code 119, I hereby request an in person administrative adjudication hearing with the hearing being recorded for stenographic record purposes with the ability to provide information and any witnesses for a final determination by this agency for the license commission [revocation] and denial.

(Emphasis sic.)  (Notice of Appeal Attachment.)  The response email from DeSantis, a Deputy Assistant Secretary of State, is dated May 31, 2023 and states, in its entirety, "[t]he law does not permit a hearing to appeal a revocation based on [R.C.] 147.05(D)(2)." (Notice of Appeal Attachment.)  Barnes also attached to his notice of appeal two additional documents: (1) a copy of an April 21, 2023 letter from the Secretary of State to Barnes stating "[e]ffective April 21, 2023, your notary commission is hereby revoked" pursuant to R.C. 147.05(D)(2) based on a "disqualifying offense"; and (2) a copy of an April 26, 2023 electronic document titled "Notary Commission System – Filing Rejected" informing Barnes that his "notary commission renewal application has been rejected."  (Notice of Appeal Attachments.)  The April 26, 2023 document contained a statement that "[p]ursuant to Chapter 119 of the Ohio Revised Code, you are hereby advised that you are entitled to a hearing in this matter.  If you wish to request such a hearing, the request must be made in writing and must be received by the Ohio Secretary of State, Business Services Division within thirty days of the date of this notice." (Apr. 26, 2023 Notary Commission System – Filing Rejected.)

{¶ 3}  On August 1, 2023, the Secretary of State filed a motion to dismiss Barnes' attempted R.C. 119.12 appeal pursuant to Civ.R. 12(B)(1) and (6).  The Secretary of State argued it was not required to provide Barnes an administrative hearing under R.C. Chapter 119 because the Secretary of State's act of revoking Barnes' notary commission was ministerial in nature.  Barnes filed a brief in opposition to motion to dismiss, and the Secretary of State filed a reply.

{¶ 4}  In an August 28, 2023 decision and entry, the trial court dismissed Barnes' administrative appeal for lack of jurisdiction.  Though neither party raised the timeliness

of Barnes' notice of appeal, the trial court noted that R.C. 119.12(D) requires a notice of appeal to be filed within 15 days of the mailing of the agency's order. The trial court stated Barnes appealed from the May 31, 2023 email but also noted that Barnes argued in his opposition to the Secretary of State's motion to dismiss that he was appealing both the revocation of his license as reflected in the April 21, 2023 letter and the April 26, 2023 denial of the renewal of his periodic license. Because Barnes did not file his notice of appeal until June 20, 2023, the trial court determined the notice of appeal is untimely as it was filed more than 15 days after May 31, 2023, the latest of the dates of all three documents attached to Barnes' notice of appeal. Thus, the trial court determined Barnes failed to invoke the trial court's jurisdiction, pursuant to R.C. Chapter 119, to review any order of the Secretary of State and dismissed the appeal on that basis. Barnes timely appeals the trial court's dismissal of his administrative appeal.

## II. Assignment of Error

{¶ 5} Barnes assigns the following sole assignment of error for our review:

> The court erred when it dismissed this administrative appeal as untimely perfected when the time to perfect an appeal through notice of appeal with the agency and notice of appeal in the court does not begin to run until the agency complies with the mandatory requirement of notification through registered or certified mail of its adjudication, determination, and decision.

## III. Analysis

{¶ 6} In his sole assignment of error, Barnes argues the trial court erred in dismissing his administrative appeal. More specifically, Barnes asserts the trial court erroneously determined his notice of appeal was untimely because his time to appeal did not begin to run until the Secretary of State notified him of its determinations through registered or certified mail.

{¶ 7} Generally, in reviewing an order of an administrative agency, a common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980). An appellate court's review of an administrative decision is more limited, determining only whether the common pleas court abused its discretion. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). On purely legal

questions, the appellate court's review is plenary. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.). Here, the trial court dismissed Barnes' administrative appeal for lack of jurisdiction. A trial court's decision dismissing, for lack of subject-matter jurisdiction, an administrative appeal brought pursuant to R.C. 119.12 presents a question of law that we review de novo. *Cyr v. State Med. Bd. of Ohio*, 10th Dist. No. 21AP-273, 2022-Ohio-25, ¶ 8, citing *Nkanginieme v. Ohio Dept. of Medicaid*, 10th Dist. No. 14AP-596, 2015-Ohio-656, ¶ 12.

{¶ 8} R.C. 119.12 grants a right of appeal to the common pleas court to "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication." R.C. 119.12(A). Further, the statute provides "[u]nless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after" the mailing of the notice of the agency's order as provided in this section. R.C. 119.12(D).

{¶ 9} In determining it lacked jurisdiction over the administrative appeal, the trial court focused on the timeliness of the appeal and determined that because Barnes did not file the appeal within 15 days of the April 21, 2023 revocation letter, the April 26, 2023 denial of the renewal of his periodic license, or the May 31, 2023 email, his appeal was untimely and thus the court lacked jurisdiction. *Jones v. Ohio Motor Vehicle Dealers Bd.*, 10th Dist. No. 12AP-785, 2013-Ohio-1212, ¶ 8 ("[i]n administrative appeals from orders of agencies, the Supreme Court of Ohio has consistently held that failure to comply with the time requirements for filing a notice of appeal deprives the common pleas court of jurisdiction and is fatal to the appeal"), citing *Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306, 307 (1987). Barnes argues on appeal the trial court erroneously determined his appeal was untimely because the Secretary of State failed to comply with the requirements in R.C. 119.07 and 119.09 to provide service by certified mail of the April 21, 2023 revocation letter and/or the April 26, 2023 document rejecting the filing of his renewal application and, thus, the 15-day time frame in R.C. 119.12(D) has not yet begun. *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, at syllabus ("[a]n administrative agency must strictly comply with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the party affected by it before the 15-day appeal period prescribed in R.C. 119.12 commences"). The Secretary of State responds this court need not consider the timeliness question but should affirm the dismissal of the

administrative appeal on alternative grounds because both the revocation of Barnes' notary commission and the denial of the renewal of Barnes' notary commission are ministerial acts, and, thus, it was not required to provide Barnes an administrative hearing related to those ministerial acts.

{¶ 10} We agree with the Secretary of State that we need not consider the timeliness of the administrative appeal, but we reach that conclusion for different reasons than those put forth by the Secretary of State. Additionally, we agree with the trial court that dismissal of Barnes' R.C. 119.12 appeal for lack of subject-matter jurisdiction is appropriate, but again for different reasons than those stated by the trial court. We find that, based on his notice of appeal, dismissal of Barnes' R.C. 119.12 appeal for lack of subject-matter jurisdiction is appropriate because Barnes was not entitled to an R.C. 119.12 appeal from the May 31, 2023 email.

{¶ 11} In his June 20, 2023 notice of appeal, Barnes specifically stated he was appealing from "[t]he order, adjudication, or decision entered by Allison DeSantis on May 31, 2023." (June 20, 2023 Notice of Appeal.) Barnes attached a copy of this email exchange to the notice of appeal. Though Barnes also attached the April 21, 2023 revocation letter and the April 26, 2023 document to the complaint, the notice of appeal, itself, refers only to the May 31, 2023 email. Therefore, it is from the May 31, 2023 email only that Barnes attempts to invoke the jurisdiction of the trial court to hear an administrative appeal.

{¶ 12} As noted above, R.C. 119.12 grants a right of appeal to the common pleas court to "[a]ny party adversely affected by any order or an agency issued pursuant to an adjudication." R.C. 119.12(A). An "[a]djudication" is defined as "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature." R.C. 119.01(D). Relevant to a determination of the trial court's subject-matter jurisdiction to hear the R.C. 119.12 appeal, Barnes did not file his notice of appeal from either the April 21, 2023 revocation letter or the April 26, 2023 document rejecting the filing of Barnes' license renewal application. Instead, Barnes' notice of appeal is specific to the May 31, 2023 email. Nothing in the one-line email suggests it qualifies as an *order* of an

agency issued pursuant to an adjudication.  Although Barnes refers to the May 31, 2023 email as an "order, adjudication, or decision," his use of key phrases does not transform the electronic document into something it is not.  *See*, *e.g.*, *Becker v. Cardinal Health, Inc.*, 10th Dist. No. 20AP-424, 2021-Ohio-3804, ¶ 13 ("[a] court need not accept as true unsupported legal conclusions in a complaint").  Because the May 31, 2023 email is not an order issued pursuant to an adjudication, the trial court lacked subject-matter jurisdiction under R.C. 119.12 to hear Barnes' administrative appeal.  *See Reed v. Montgomery Cty. Bd. of Mental Retardation & Dev. Disabilities*, 10th Dist. No. 94APE10-1490, 1995 Ohio App. LEXIS 1755 (Apr. 27, 1995) (where an "entry" issued by an administrative agency is not an order issued pursuant to an adjudication, the entry is not appealable under R.C. 119.12).

{¶ 13} We wish to emphasize that we make no determination as to whether the revocation of Barnes' license or the denial of the filing of his license renewal application were ministerial acts or adjudications, whether registered or certified mail was required to notify him of the revocation or renewal denial, or whether he was entitled to a hearing. Instead, we find only that because the May 31, 2023 email is not an order of an agency issued pursuant to an adjudication, Barnes cannot appeal from the May 31, 2023 email pursuant to R.C. 119.12, and dismissal in the trial court for lack of subject-matter jurisdiction is appropriate.  Therefore, we overrule Barnes' sole assignment of error.

## IV. Disposition

{¶ 14} Based on the foregoing reasons, the trial court did not err in dismissing Barnes' administrative appeal for lack of subject-matter jurisdiction, though we reach our decision for different reasons than the trial court.  Having overruled Barnes' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

EDELSTEIN, J., concurs.
LELAND, J., dissents.

LELAND, J., dissenting.

{¶ 15} Being unable to concur with the conclusions reached by the majority, I respectfully dissent.  The Supreme Court of Ohio has stated "[t]he purpose of a notice of appeal * * * is to '* * * apprise the opposite party of the taking of an appeal,' " and " '[i]f this

is done beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished.'" (Citations omitted.) *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259 (1982). In the context of an administrative proceeding, the Supreme Court has similarly held the filing of a notice of appeal "serves the purpose of informing the opposing party of the taking of an appeal." *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, ¶ 21. The Supreme Court has also "consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of a notice of appeal is challenged solely on technical, procedural grounds." *Maritime Mfrs.* at 258-59. In this respect, courts may look "behind the form of the notice" to consider the "intent" of the appellant, and courts may also consider whether a particular notice of appeal was "materially mislead[ing]" or "prejudiced" the opposite party. *Id.* at 259-60.

{¶ 16} As noted by the majority, appellant's pro se notice of appeal only references the email dated May 31, 2023, in which a representative of the Secretary of State's office (Allison DeSantis) informed appellant he was not entitled to a hearing with respect to the revocation of his notary commission under R.C. 147.05(D)(2). The notice of appeal also states, however, the appeal was taken on "a question of law and fact of the adjudication, order, determination affecting the substantial right to have a hearing and denying that right to a hearing on renewal of Notary Commission and or revocation." (June 20, 2023 Not. of Appeal.) Further, attached to the notice of appeal were several documents, including a letter to appellant from the Office of the Secretary of State, dated April 21, 2023, informing appellant his notary commission was revoked, as well as a document titled "Notary Commission System – Filing Rejected," dated April 26, 2023, informing appellant his notary commission renewal application had been rejected. That latter document informed appellant that "[p]ursuant to Chapter 119 of the Ohio Revised Code, you are hereby advised that you are entitled to a hearing in this matter."

{¶ 17} It is apparent from the record that the trial court did not view the notice of appeal in a vacuum, but understood appellant was seeking to appeal the denial of his request for a hearing on the revocation of his notary commission. Nor does the record suggest appellee was misled by the notice of appeal. In its motion to dismiss before the trial court, appellee specifically acknowledged that appellant was "appealing the revocation of

his notary commission." (Appellee Mot. to Dismiss at 2.) Further, appellee did not argue before the trial court that the notice of appeal was defective, nor does appellee raise such argument on appeal. Rather, appellee argued for dismissal on the basis that "the Commission was not legally obligated to provide an administrative hearing to Mr. Barnes under Chapter 119 of the Revised Code, and because the acts performed were ministerial in nature." (Mot. to Dismiss at 2.)

{¶ 18} Viewed in context, the subject matter of the referenced May 31, 2023 email (i.e., informing appellant that "the law does not permit a hearing to appeal a revocation") is inescapably intertwined with the subject matter of the documents attached to appellant's notice of appeal informing him that his notary commission was revoked, his renewal application was rejected, and that he had the right to request a hearing under R.C. Chapter 119. Looking "behind the form of the notice," and because appellee was not "materially" misled or prejudiced, I would find the notice of appeal, even if inartfully drafted, was sufficient to apprise appellee of appellant's intent to appeal the revocation of his notary commission and the denial of his request for a hearing on the revocation and/or renewal of his commission. *Maritime Mfrs.* at 259-60. Such a construction, under the circumstances presented, further comports with "a basic tenet of Ohio jurisprudence that cases should be determined on their merits and not on mere procedural technicalities." *Barksdale v. Van's Auto Sales, Inc.*, 38 Ohio St.3d 127, 128 (1988). Accordingly, I would find appellant's notice of appeal was adequate to initially invoke the jurisdiction of the trial court.

{¶ 19} With respect to the separate jurisdictional issue raised on appeal, appellant challenges the trial court's dismissal of the appeal as untimely based on his contention that the 15-day appeal period never commenced because appellee failed to comply with the procedural requirements of R.C. 119.09 and 119.07. In support, appellant relies on cases holding that an agency's strict compliance with R.C. 119.09 is a condition precedent to the running of the 15-day appeal period under R.C. 119.12. *See, e.g., Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306 (1987) syllabus ("The fifteen-day appeal period provided in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09."); *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, paragraph one of the syllabus ("An administrative agency must strictly comply with the procedural requirements of R.C. 119.09

for serving the final order of adjudication upon the party affected by it before the 15-day appeal period prescribed in R.C. 119.12 commences.").

{¶ 20} In the present case, the record does not indicate the trial court apprised appellant it was contemplating dismissing his appeal as untimely filed under R.C. 119.12(D), nor was the issue of timeliness addressed by the parties in filings before the trial court. In light of the sua sponte manner of the dismissal, appellant arguably was not afforded a proper opportunity to raise the issue he now advances on appeal in challenging the trial court's dismissal of his administrative appeal as untimely (i.e., whether the agency complied with statutory procedural requirements that would commence the running of the 15-day appeal period for perfecting an appeal). Based on the record before us, I would find the trial court erred in dismissing appellant's appeal without first affording him the opportunity to respond to the trial court's jurisdictional concern.

{¶ 21} Accordingly, I would sustain appellant's assignment of error in part and remand this matter to the trial court to provide appellant an opportunity to be heard on the issue of appellee's compliance with statutory requirements.

————————————