[Cite as *Hicks for a Better Clermont v. Ohio Election Integrity Comm.*, 2026-Ohio-1155.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Hicks for a Better Clermont, | : | |
| Appellant-Appellee, | : | No. 25AP-736 |
| | | (C.P.C. No. 24CV-7973) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Election Integrity Commission, | : | |
| Appellee-Appellant. | : | |

D E C I S I O N

Rendered on March 31, 2026

**Argued:** *Christopher Hicks*, pro se for appellee.

**On brief:** *Dave Yost*, Attorney General, *Gregory A. Rustico*, and *Michael A. Walton*, for appellant. **Argued:** *Gregory A. Rustico*.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Appellee-appellant, Ohio Election Integrity Commission[1] ("commission"), appeals from a decision and entry of the Franklin County Court of Common Pleas finding an order of the commission invalid and remanding the matter to the commission for rehearing. For the following reasons, we reverse.

---

[1] This case originated in the Franklin County Court of Common Pleas against the Ohio Elections Commission. Effective January 1, 2026, the Ohio Election Integrity Commission replaced the Ohio Election Commission. "[N]o action or proceeding pending on January 1, 2026, is affected by the transfer, and any such action or proceeding shall be prosecuted in the name of the Ohio Election Integrity Commission." 2025 Am.Sub.H.B. No. 96, Section 525.50(G).

## I. Facts and Procedural History

{¶ 2} Appellant-appellee, Hicks for a Better Clermont ("the campaign committee"), is a campaign committee formed in December 2023 by Christopher Hicks. Mr. Hicks designated himself treasurer of the campaign committee. In a February 15, 2024 letter, the Clermont County Board of Elections notified Mr. Hicks that the 2023 annual campaign finance report for the campaign committee was due on January 31, 2024 but the Clermont County Board of Elections had not received said report. On February 29, 2024,[2] Mr. Hicks filed a disclosure of committee contributions and expenditures pursuant to R.C. 3517.10. The Clermont County Board of Elections then filed a complaint with the commission on April 1, 2024 alleging the campaign committee's February 29, 2024 filing was untimely.

{¶ 3} In response to the complaint, the commission notified Mr. Hicks by letter dated May 8, 2024 that the matter had been set for a preliminary review and requested a written response in advance of the hearing. Mr. Hicks submitted an affidavit averring he was unaware of the filing requirement and did not receive a filing reminder from the commission.

{¶ 4} At an August 15, 2024 meeting of the commission at which *all commission members were present*, the commission reviewed Mr. Hicks' case. (Meeting Minutes at 1.) During the meeting, the executive director of the commission presented the case against the campaign committee and recommended a $50 fine. The executive director then said, "If the Commission wanted to hear further from Mr. Hicks, he is present. He can be sworn and address the Commission, if that's the Commission's preference." (Aug. 15, 2024 Tr. at 4.) The chair asked whether anyone had any objections, and none were made. (Tr. at 5.) The chair then instructed Mr. Hicks to go to the podium where he was sworn in and provided testimony. (Tr. at 5.)

{¶ 5} Mr. Hicks testified he did not receive advance notice from the commission about the filing requirement, and stated he did not believe it was clear from the pertinent statutes whether he was required to file a campaign finance report when the campaign committee had no activity to report. Additionally, he argued the notice provided to him did not indicate the specific violation he was alleged to have committed. Mr. Hicks asked the commission to either make a finding of no violation or grant him a full hearing. Following

[2] While Mr. Hicks dated this form February 26, 2024, the Secretary of State's date-stamp indicated it was filed on February 29, 2024.

Mr. Hicks' argument, the commission voted to find a violation of R.C. 3517.13(D) but impose no penalty for good cause shown. (Tr. at 17-18.) The commission journalized its findings in an October 4, 2024 order.

{¶ 6} On October 17, 2024, Mr. Hicks filed a notice of appeal in the common pleas court. In his brief to the common pleas court, Mr. Hicks argued the commission acted contrary to law in finding a violation "without [a] hearing as required by [R.C.] 3517.155." (Hicks' Common Pleas Merit Brief at 22.) The commission argued in response that while R.C. 3517.155 outlines the process for holding hearings on a complaint, R.C. 3517.152 and 3517.157 grant the commission the authority to create the procedure for such hearings. Specifically, the commission noted that former R.C. 3517.157(D) states the commission "shall conduct hearings in accordance with Chapter 119 of the Revised Code and the Rules of Civil Procedure, except as they are inconsistent with rules adopted by the commission." (Commission's Common Pleas Merit Brief at 4.) The commission further argued that Adm.Code 3517-1-11 authorizes the commission, after conducting a preliminary review, to either set the matter for another hearing when there is a significant factual dispute or make a final disposition in the case. Because the commission did not identify any significant factual disputes, the commission asserts Adm.Code 3517-1-11 did not require an additional hearing. Mr. Hicks filed a reply brief arguing the commission's "preliminary review" was not a hearing as contemplated in R.C. 3517.155 and did not afford him procedural due process. (Hicks' Common Pleas Reply Brief at 2.)

{¶ 7} In an August 14, 2025 decision and entry, the common pleas court found the commission's order was invalid and contrary to law. Specifically, the common pleas court determined Adm.Code 3517-1-11(e) is an invalid administrative rule because it is internally inconsistent and conflicts with R.C. Chapter 119. Given its conclusions regarding Adm.Code 3517-1-11(e), it appears the common pleas court did not go on to address Mr. Hicks' due process arguments. The common pleas court remanded the matter to the commission for rehearing, stating:

> The Commission shall conduct a hearing affording Appellant the safeguards and procedures set forth in the statutory provisions outlined herein. The Commission can then determine what effect, if any, the claimed lack of timely notice of the requirement to file from the Elections Board had on Appellant's failure to timely file. Further, the Commission can

also consider whether Appellant was required to file if the Campaign had no activity that year.

(Aug. 14, 2025 Decision and Entry at 5.) The commission timely appeals. The campaign committee did not file a brief in this appeal, but Mr. Hicks presented an oral argument before this court.

## II. Assignments of Error

{¶ 8} The commission raises the following two assignments of error for our review:

[I.] The trial court erred when it overlooked R.C. 3517.157(D), which authorized the Commission to craft procedures that deviate from the requirements in Chapter 119.

[II.] The trial court erred when it conflated a "preliminary review hearing" with a "probable cause hearing" and on that basis found Adm.Code [3517-1-11] internally inconsistent.

## III. Standard of Review

{¶ 9} In reviewing an order of an administrative agency, the common pleas court considers the entire record and determines whether reliable, probative, and substantial evidence supports the agency's order and whether the agency's order is in accordance with law. *Barnes v. Ohio Secy. of State Notary Comm.*, 2024-Ohio-5334, ¶ 7 (10th Dist.), citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980). An appellate court's review is more limited, determining only whether the common pleas court abused its discretion in its review of the administrative decision. *Id.*, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, on purely legal questions, the appellate court has plenary review. *Barnes* at ¶ 7, citing *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 2003-Ohio-418, ¶ 15 (10th Dist.). As relevant to this appeal, the construction of a statute presents a question of law that this court reviews de novo. *Madyda v. Ohio Dept. of Pub. Safety*, 2024-Ohio-3201, ¶ 17 (10th Dist.), quoting *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 2016-Ohio-7582, ¶ 8. Similarly, "[a] challenge to an administrative agency's rulemaking authority is a question of law, and, therefore, we exercise de novo review." *Parrott v. State Med. Bd. of Ohio*, 2016-Ohio-4635, ¶ 24 (10th Dist.), citing *Vargas v. State Med. Bd. of Ohio*, 2012-Ohio-2735, ¶ 8 (10th Dist.).

## IV.  First Assignment of Error – Statutory Authority for Adm.Code 3517-1-11

{¶ 10} In its first assignment of error, the commission argues the trial court erred when it determined Adm.Code 3517-1-11 conflicts with the requirements of R.C. Chapter 119. More specifically, the commission asserts the trial court overlooked former R.C. 3517.157(D)[3] in its analysis.

{¶ 11} R.C. Chapter 119 sets forth the procedural requirements for proceedings before administrative agencies. As a general matter, R.C. 119.06 requires an administrative agency to afford an opportunity for a hearing before issuing an adjudication order. *Cowans v. Ohio State Racing Comm.*, 2014-Ohio-1811, ¶ 32 (10th Dist.), citing *D.L. Lack Corp. v. Liquor Control Comm.*, 2010-Ohio-6172, ¶ 12 (10th Dist.). Additionally, R.C. 119.07 requires the agency to notify the party whose interests are at issue in the adjudication of their opportunity for a hearing. *Lake v. State Med. Bd. of Ohio*, 2025-Ohio-2842, ¶ 26 (10th Dist.), citing *Cowans* at ¶ 29.

{¶ 12} R.C. Chapter 3517 governs the commission. The version of R.C. 3517.152(G)(3)[4] in effect during the proceedings before the commission authorizes the commission to "adopt rules for its procedures in accordance with Chapter 119 of the Revised Code." Pursuant to its rulemaking authority, the commission promulgated Adm.Code 3517-1-11, entitled "Preliminary review and hearing." Under Adm.Code 3517-1-11, when the preliminary review is held before the full commission, as it was here, the commission has several options for how it may proceed. Adm.Code 3517-1-11(A)(3)(e)(ii) expressly authorizes the ***full commission*** to "[m]ake a final disposition in the case and . . . [f]ind good cause not to impose a fine." In the instant case, the commission engaged in this preliminary review process when it considered the allegations against the campaign committee. The ***full commission*** conducted the preliminary review, made a final disposition finding a violation, and found good cause not to impose a fine.

{¶ 13} Although the commission followed the procedure contained in Adm.Code 3517-1-11, the trial court determined Adm.Code 3517-1-11(A)(3)(e) conflicts with

---

[3] Effective September 30, 2025, R.C. 3517.157 was amended and renumbered as R.C. 3517.18. 2025 H.B. No. 96, Section 101.01. The current version of R.C. 3517.18 removed the pertinent statutory language at issue in this appeal. The commission filed its notice of appeal on September 12, 2025, prior to the effective date of the amended statute, and all proceedings before the commission and the court of common pleas occurred while former R.C. 3517.157 was still in effect.

[4] Effective March 20, 2026, R.C. 3517.152(G)(3) was renumbered to R.C. 3517.14(G)(2).

R.C. 119.01, 119.02, 119.06, 119.07, and 119.09 because it permits the commission to find a violation and impose a penalty without the procedural safeguards for hearings contained in R.C. Chapter 119. Relying on the general principle that an administrative rule that conflicts with a statute is invalid, *see, e.g., Nestle R&D Ctr., Inc. v. Levin*, 2009-Ohio-1929, ¶ 40, quoting *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377, 382 (1994) (" 'an administrative rule that is issued pursuant to statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter' "), the trial court concluded the commission's order was invalid and in contravention of law.

{¶ 14} The commission argues that although R.C. Chapter 119 sets forth the general procedural requirements for proceedings before an agency, a more specific statute governs the particular procedural requirements before the commission when it receives, reviews, and adjudicates complaints. R.C. 1.51 provides: "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." *See also State ex rel. Dublin Secs. v. Ohio Div. of Secs.*, 68 Ohio St.3d 426, 429 (1994) ("It is a well-settled principle of statutory construction that when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might otherwise apply."). Specifically, the commission notes former R.C. 3517.157(D) states, "The commission or a panel of the commission shall conduct hearings in accordance with Chapter 119 of the Revised Code and the Rules of Civil Procedure, ***except as they are inconsistent with rules adopted by the commission***." (Emphasis added.) Thus, former R.C. 3517.157(D) expressly permits the commission to promulgate rules that are "inconsistent" with the procedures outlined in R.C. Chapter 119.

{¶ 15} The commission asserts the trial court either overlooked former R.C. 3517.157(D) or failed to acknowledge that the more specific former R.C. 3517.157(D) prevails over the more general R.C. Chapter 119. *See, e.g., Wehr v. Div. of Ohio & Gas Resources Mgt.*, 2018-Ohio-5247, ¶ 15 (10th Dist.) (though R.C. 119.12 contains the standard of review generally employed in administrative appeals, R.C. 1509.37 contains a

more specific standard of review applicable to appeals from the Ohio Oil and Gas Commission, and the specific statutory provision prevails over the conflicting general statute); *Giese v. Dir., Ohio Dept. of Job & Family Servs.*, 2007-Ohio-2395, ¶ 26-32 (6th Dist.) (the general requirement in R.C. 119.12 that a notice of administrative appeal state the grounds of the appeal is superseded by R.C. 5101.35, the special provision governing appeals from decisions of the Director of the Department of Job and Family Services). We agree.

{¶ 16} As the commission notes, the trial court's decision and entry made no mention of R.C. 3517.157(D). Instead, the court focused entirely on whether the preliminary review process in Adm.Code 3517-1-11 complies with the more general requirements of R.C. Chapter 119. However, because R.C. 3517.157(D) is the more specific statute applicable to the commission's handling of a complaint, and because R.C. 3517.157(D) expressly allows the commission to conduct hearings in a manner "inconsistent" with R.C. Chapter 119, the trial court erred in finding Adm.Code 3517-1-11 to be an invalid rule because it conflicts with R.C. Chapter 119. The commission has statutory authority to develop procedures different from those contained in R.C. Chapter 119, and the trial court erred in finding the commission's order invalid for not following the procedures in R.C. Chapter 119.

{¶ 17} We sustain the commission's first assignment of error.

## V. Second Assignment of Error – Internal Consistency of Adm.Code 3517-1-11

{¶ 18} In its second and final assignment of error, the commission argues the trial court erred in finding Adm.Code 3517-1-11 to be internally inconsistent. The commission asserts the trial court conflated a "preliminary review" with a "probable cause hearing," resulting in its erroneous finding that Adm.Code 3517-1-11 is internally inconsistent.

{¶ 19} In pertinent part, Adm. Code 3517-1-11 provides:

(A) Preliminary review.

All cases not subject to the provisions of rule 3517-1-10 of the Administrative Code shall be subject to the following provisions. A preliminary review of the allegations shall be held by a probable cause panel or the full commission, at the discretion of the staff attorney to the commission. At the preliminary review stage, the body hearing the case shall review all pleadings, evidence, and motions before it to determine jurisdiction, sufficiency of the complaint, and

whether probable cause exists for the full commission to determine whether a violation of Ohio election law has occurred.

(1) At the preliminary review stage of the proceedings, the body hearing the case shall not hear arguments, receive evidence or take testimony unless:

(a) All parties (whether pro se or through counsel) have filed a stipulation agreeing to such procedure and a majority of members present, in their sole discretion, agree to do so; or

(b) Any member wishes to request specific information which will aid in a proper determination of the matter at the preliminary review stage.

(2) If the preliminary review is held before a probable cause panel, the panel may:

(a) Dismiss the matter, or any part thereof, upon request of the complainant, or if commission jurisdiction, sufficiency of the complaint, or probable cause are not found; or

(b) Find that sufficient probable cause exists such that the panel may recommend to the full commission that there was a violation of Ohio election law under the jurisdiction of the commission, by the applicable standard of proof, as to any or all of the allegations brought before it, and to recommend that the full commission:

(i) Impose a penalty as outlined in rule 3517-1-14 of the Administrative Code; or

(ii) Find that there is good cause not to impose a fine or refer the matter for prosecution; or

(iii) Refer the matter to the appropriate prosecuting attorney as outlined in paragraph (C) of rule 3517-1-14 of the Administrative Code.

(3) If the preliminary review is held before the full commission, the commission may:

(a) Continue the preliminary review for good cause shown; or

(b) Amend the complaint or referral, *sua sponte*, to include additional parties and/or allegations and continue the preliminary review to permit proper joinder and notice

pursuant to these rules, if it finds additional apparent violations sufficiently alleged against any party or other person; or

(c) Request that an investigatory attorney be appointed, if it finds that the evidence is insufficient but that further review is necessary. Such investigatory attorney shall be selected by the staff attorney to the commission upon recommendation by the chair and vice-chair of the commission. If such request is made, the panel shall also refer the matter for a timely hearing before the full commission.

(d) Set the matter for a hearing by the full commission, if it finds that a significant factual dispute exists or there is uncertainty as to a material fact necessary to determine whether there is a violation, as to any or all of the allegations; or

(e) Make a final disposition in the case and do one of the following:

(i) Dismiss the case, or any part thereof, upon request of the complainant, or if commission jurisdiction, sufficiency of the complaint, or probable cause are not found; or

(ii) Find good cause not to impose a fine or refer the matter for prosecution; or

(iii) Impose a penalty in accordance with the Revised Code and the schedule included in paragraph (B) of rule 3517-1-14 of the Administrative Code; or

(iv) Refer the matter to the appropriate prosecuting attorney as outlined in paragraph (C) of rule 3517-1-14 of the Administrative Code.

Adm.Code 3517-1-11.

{¶ 20} The trial court determined the administrative rule is internally inconsistent by misconstruing the statute. The court read the statute as creating a probable cause hearing under Adm.Code 3517-1-11(A) to serve as a pre-adjudicatory step for determining the necessity of a full hearing under R.C. Chapter 119.06 and 119.07, but then, through Adm.Code 3517-1-11(A)(3)(e), allowing the commission to make a final adjudication without affording a full hearing. The commission argues the trial court oversimplified the

process set forth in Adm.Code 3517-1-11(A) and ignored the plain language of the rule. We agree.

{¶ 21} Looking at the plain language of Adm.Code 3517-1-11(A), the rule sets forth an initial process to "review all pleadings, evidence, and motions before [the commission] to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists for the full commission to determine whether a violation of Ohio election law has occurred." Under Adm.Code 3517-1-11(A)(2) and (3), the preliminary review can be held by *either* a probable cause panel *or* the full commission. *See* Adm.Code 3517-1-05(A)(1) (a probable cause panel consists of at least three members but less than half of the commission). The rule provides a different scope of preliminary review depending on the entity presiding. If a probable cause panel conducts the preliminary review, the panel may either (1) dismiss the matter, or (2) find probable cause and refer the matter to the full commission. Adm.Code 3517-1-11(A)(2). By contrast, if the full commission conducts the preliminary review, the commission may (1) continue the preliminary review, (2) amend the complaint to add parties or allegations, (3) request the appointment of an investigatory attorney, (4) set the matter for a full hearing if it finds "a significant factual dispute exists or there is uncertainty as to a material fact," or (5) make a final disposition. Adm.Code 3517-1-11(A)(3)(d). If the full commission makes a final disposition, it has four options: (1) dismiss all or part of the complaint; (2) find good cause not to impose a fine or refer the matter for prosecution; (3) impose a penalty; or (4) refer the matter to the appropriate prosecuting attorney. Adm.Code 3517-1-11(A)(3)(e).

{¶ 22} Adm.Code 3517-1-11(A) is not, as the trial court suggests, limited only to the determination of probable cause. By its plain language, the rule creates a mechanism for the full commission to both conduct the initial review for probable cause *and* reach the merits of the matter, including the options to order a full hearing or make a final disposition. Thus, Adm.Code 3517-1-11(A) does not set forth a mechanism that only creates a limited pre-adjudicatory review that impermissibly morphs into a final disposition. Instead, the rule creates a preliminary review scheme that includes the ability of the *full commission* to reach a final disposition in certain circumstances. Accordingly, the trial court erred in finding Adm.Code 3517-1-11(A) is internally inconsistent.

{¶ 23} We sustain the commission's second and final assignment of error.

## VI. Remaining Arguments

{¶ 24} The commission notes the trial court made one statement that Adm.Code 3517-1-11(A)(3)(e) "violate[s] constitutional due process required for administrative hearings." (Decision and Entry at 4.) In response to this statement, the commission additionally argues that the preliminary review procedure contained in Adm.Code 3517-1-11(A) comports with the requirements of procedural due process under the Fourteenth Amendment to the United States Constitution, Article I, Section 16 of the Ohio Constitution, and the test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

{¶ 25} We do not find the trial court's lone reference to "constitutional due process" demonstrates the court actually engaged in any analysis of Mr. Hicks' due process argument. Instead, that comment seems to relate to the trial court's broader conclusion that Adm.Code 3517-1-11(A)(3)(e) conflicts with R.C. Chapter 119, as the trial court more generally construed R.C. Chapter 119 as establishing the due process requirements for administrative proceedings.[5]

{¶ 26} Because the trial court determined the administrative rule is invalid because it conflicts with R.C. Chapter 119, it did not reach Mr. Hicks' separate argument that Adm.Code 3517-1-11(A) violates his right to procedural due process. Despite the argument advanced by the commission on appeal, we will not consider, in the first instance, the question of whether Adm.Code 3517-1-11(A) comports with the constitutional guarantee of procedural due process. *See Riverside v. State*, 2010-Ohio-5868, ¶ 58 (10th Dist.) (where the trial court did not reach the merits of a constitutional equal protection argument, the appellate court will not address that issue in the first instance but will remand to the trial court to initially consider and decide the argument); *Klickovich v. State Med. Bd. of Ohio*, 2026-Ohio-31, ¶ 5 (10th Dist.) (generally, an appellate court will not address issues the trial court did not consider but will remand for the trial court to resolve the issues); *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21 ("an appellate court limits its review to issues actually decided by the trial court").

---

[5] Though R.C. Chapter 119 generally comports with due process requirements, *see Seman v. State Med. Bd. of Ohio*, 2020-Ohio-3342, ¶ 21 (10th Dist.), the statute does not create the right to due process. Rather, procedural due process is a constitutional guarantee under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *See State v. Cowan*, 2004-Ohio-4777, ¶ 8 "([t]he right to procedural due process is conferred not by legislative grace, but by constitutional guarantee").

{¶ 27} Having sustained both of the commission's assignments of error, we must remand the matter to the common pleas court for further proceedings. On remand, the common pleas court must first consider Mr. Hicks' due process argument. If it finds Adm.Code 3517-1-11(A) to be constitutionally valid, the common pleas court shall address the merits of Mr. Hicks' remaining arguments.

## VII. Disposition

{¶ 28} Based on the foregoing reasons, the court of common pleas erred in finding Adm.Code 3517-1-11(A) is an invalid administrative rule and internally inconsistent. Having sustained the commission's two assignments of error, we reverse the decision and entry of the Franklin County Court of Common Pleas, and we remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

BOGGS, P.J., and DINGUS, J., concur.

_____